# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-0393
Filed May 27, 2026

_____

**Davon Marcell Oliver,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Andrea J. Dryer, Judge.

_____

**AFFIRMED**

_____

Katherine R.J. Scott of New Point Law Firm, PLC, Ames,
attorney for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

The State charged Davon Oliver with multiple felonies for his alleged participation in an armed home invasion that resulted in the theft of money and firearms. On the third day of his jury trial, Oliver accepted a plea offer. Pursuant to the plea agreement, Oliver pleaded guilty to first-degree robbery and first-degree burglary. In return, the State agreed to dismiss a charge of conspiracy to commit a forcible felony and agreed not to refer Oliver's case to federal authorities to prosecute him for various federal firearm charges. Oliver received consecutive sentences on the two charges to which he pleaded guilty.

Oliver filed this postconviction relief (PCR) action claiming ineffective assistance of trial counsel. The district court denied Oliver's PCR application, and he appeals. He contends the district court erred by rejecting his claims that his criminal trial counsel was ineffective for: (1) failing to file a motion in arrest of judgment challenging his guilty pleas; and (2) misinforming him about the consequences of his guilty pleas.

## I. Standard of Review

Because PCR claims of ineffective assistance of counsel raise a constitutional issue, we review such claims de novo. *Sothman v. State*, 967 N.W2d 512, 522 (Iowa 2021). With de novo review, we give weight to the district court's findings, especially as to witness credibility, but we are not bound by them. *State v. McCoy*, 692 N.W.2d 6, 21 (Iowa 2005).

To prevail on his claim of ineffective assistance of counsel, Oliver has the burden to prove (1) his trial counsel failed to perform an essential duty and (2) he was prejudiced because of such failure. *See Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025). As Oliver must prove both elements, if he fails

to prove either one, we can resolve the issue on the unproven element alone. *See Sothman*, 967 N.W.2d at 522.

## II. Analysis

As noted, Oliver raises two issues. We address each in turn.

### A. Failing to File a Motion in Arrest of Judgment

As to the first issue—criminal trial counsel not filing a motion in arrest of judgment to challenge his guilty plea—the State contends Oliver failed to preserve error because the PCR court never addressed it. We agree with the State that the issue was not preserved. But even if it were, this claim is meritless because the lawyer who took over the case after trial counsel withdrew filed a motion in arrest of judgment raising the same issues Oliver claims trial counsel should have raised. The district court denied that motion both because it was untimely and on the merits after a full hearing. Because the motion was filed, heard, and denied on the merits, Oliver cannot establish prejudice resulting from a previous attorney's failure to file the motion, so this claim fails.

### B. Misinforming Oliver About the Consequences of the Pleas

Oliver contends his trial counsel who negotiated his plea agreement misinformed him about the consequences of his guilty pleas. He testified at the PCR trial that his trial counsel told him he could plead guilty to stop the trial, then counsel would file a motion in arrest of judgment that would negate the guilty pleas, and then Oliver could get a second trial with a different lawyer. Based on that testimony, the testimony of Oliver's trial counsel, and the other evidence presented, the district court found:

> Oliver's testimony during the [PCR] trial was not credible or reliable. Much of Oliver's testimony was inconsistent with the evidence

3

of what occurred during the jury trial, as reflected in the transcripts of the trial proceedings, and was particularly inconsistent with Oliver's statements on the record during the guilty plea proceedings. During the [PCR] trial, Oliver claimed he could not remember whether his trial counsel had filed a motion to suppress evidence. Oliver said he could not recall if he had admitted telling the police he had committed the crimes. Oliver said he could not remember what the trial judge said about the deadlines for filing a motion in arrest of judgment. Oliver testified he did not remember the trial judge asking him about his satisfaction with the services provided by his trial counsel during the plea proceedings.

Oliver's trial counsel was an experienced criminal defense trial attorney. Oliver's trial attorney testified that, due to the amount of time that had passed since the trial, he could not specifically recall what was said during his conversations with Oliver, but he did not know of any reason why they would have accepted a plea offer and then just taken it back because that would have been frivolous. Oliver's trial attorney did recall that the evidence against Oliver was overwhelming, and it was a difficult case.

The court does not believe Oliver's claim that he only entered the guilty plea because his trial attorney advised him that he would unconditionally be permitted to take back his guilty plea after entering it and he would be able to get the charges rescheduled for a later jury trial simply by filing a motion in arrest of judgment and requesting different court-appointed counsel.

The first witness called by the prosecution during the jury trial testified that Oliver had confessed to his participation in the home invasion at [the victim's residence on the relevant date]. Shortly before Oliver decided to accept the plea offer, the video recording of Oliver's confession at the Waterloo Police Department had been admitted into evidence and played in front of the jury. Evidence showing Oliver's possession of the firearms stolen from [the victim's residence on the relevant date] had been presented to the jury. Oliver knew that [one of the other participants in the home invasion] was going to be called to testify that Oliver was one of the individuals who broke into the home [of the victim] with [the witness] on [the relevant date]. The plea agreement assured Oliver that he would not face federal prosecution for the conduct at issue in [two criminal cases, including the case in which Oliver was currently on trial], which was a significant benefit to Oliver because the prosecutor would have made the

referral if Oliver had not accepted the plea offer and, as the prosecutor said, Oliver's prior criminal record plus the fact that stolen firearms were involved likely would have resulted in some "nasty federal enhancements." Oliver did not prove any reasonable probability that but for his trial counsel's error or errors, he would not have entered a guilty plea and would have insisted on proceeding to trial.

Oliver did not prove that his guilty plea was the product of . . . ineffective assistance of counsel . . . . The evidence proved that Oliver knowingly and voluntarily entered a guilty plea when he faced strong, convincing evidence of his guilt presented during trial. Oliver failed to show that he should be granted [PCR].

Following our de novo review, we give deference to these findings, especially as to the findings that Oliver was not credible, *see McCoy*, 692 N.W.2d at 21, and we conclude that Oliver has failed to establish either element of his ineffective-assistance-of-counsel claim. Like the district court, we do not believe Oliver's claim that his trial counsel told him to enter a sham guilty plea with the intention of withdrawing it the day after the jury trial was canceled with the expectation that Oliver would then get a second trial. Beside the fact that his admissions at the guilty plea hearing negated any realistic chance that he could withdraw his guilty plea later—a detail stressed to Oliver during the plea hearing—even if he had successfully executed such an implausible strategy, it would have relieved the State from its obligation not to refer the case to federal prosecutors. And Oliver admitted in his PCR testimony that he was unwilling to take the risk of federal prosecution. In his PCR testimony, Oliver acknowledged that he "didn't want the feds to come pick my case up," and it was the risk of federal prosecution that caused him to accept the plea offer.

Oliver's claim of ineffective assistance of counsel is based entirely on the claim that his trial counsel misadvised him to enter a sham guilty plea with the intention of withdrawing it immediately after trial was canceled.

Because we have found that Oliver's trial counsel didn't give Oliver that bad advice, Oliver has failed to prove that trial counsel breached an essential duty. He has also failed to prove that he suffered any prejudice as a result. Accordingly, we affirm the district court's rejection of his claim for PCR.

## III. Conclusion

Having rejected both of Oliver's PCR claims, we affirm the district court's dismissal of Oliver's PCR application.

**AFFIRMED.**